

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00102-CV

———————————————

IN THE INTEREST OF J.S., A CHILD

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-692325-20

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

J.S. (Father) appeals from the trial court's order terminating his parental rights to his son J.S. (James)[1] and awarding permanent managing conservatorship of him to the Department of Family and Protective Services.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2). We will affirm.

Father's appointed appellate counsel has filed a brief asserting that Father's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). The brief meets *Anders*'s requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Father's counsel provided Father with a copy of the *Anders* brief and informed him of his rights to request and to review the appellate record,[3] to file a pro se response in this court, and to seek review from the

---

[1]We use aliases to identify the parties. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated James's mother's parental rights, but James's mother has not appealed.

[3]To that end, Father's counsel explained to Father the process of obtaining the appellate record; furnished him with a motion for pro se access to the record, which lacked only Father's signature and the date; and provided him with our mailing address and the motion's filing deadline.

Texas Supreme Court. We also informed Father that his appointed appellate counsel had filed an *Anders* brief and gave him an opportunity to examine the appellate record and to file a pro se response to the *Anders* brief.[4] Father did not file a response, and the Department has declined to file a response.

In assessing the correctness of a compliant *Anders* brief's conclusion that an appeal from a judgment terminating parental rights is frivolous, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.— Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.— Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—

---

[4]We made several attempts to inform Father that his appointed counsel had filed an *Anders* brief and that he had the right to respond to it. Father's counsel sent her letter informing him of his *Anders* rights to his last-known address and to the Tarrant County Jail because she had confirmed his caseworker's representation that he was incarcerated there. We sent our original notice to Father at the Tarrant County Jail. That notice was returned to us as undeliverable, so we sent a second notice to Father at the last-known address that his counsel had used. After that notice was also returned to us as undeliverable, we contacted Father's counsel, who provided us with a third address for Father. We attempted to contact Father at three different telephone numbers without success to independently confirm that address. Nevertheless, we sent a third notice to Father by mail to the third address provided by his counsel and by email to an email address for Father that we found in the clerk's record. We enclosed with our third notice copies of the *Anders* brief and Father's counsel's *Anders* letter. Our mailed notice was returned to us, but our emailed notice was delivered.

Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief and the appellate record. Finding nothing in the record that could arguably support an appeal, we agree with counsel that Father's appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We will thus affirm the trial court's order terminating Father's parental rights to James.

Although Father's counsel's brief references a motion to withdraw, she has not filed a withdrawal motion, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, Father's counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from her duties for good cause in accordance with Texas Family Code Section 107.016(2)(C). *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  September 15, 2022